[No. D034252. Fourth Dist., Div. One. Jan. 10, 2000.]

DEBRA CAROL KERNES, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steven J. Carroll, Public Defender, Uley Norris and Edward Kinsey, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Casey Gwinn, City Attorney and Steven K. Hansen, Deputy City Attorney, for Real Party in Interest.

## OPINION

### NARES, J.—

#### FACTUAL AND PROCEDURAL BACKGROUND

The City of San Diego (City) filed a criminal complaint against Debra Carol Kernes (Kernes) charging her with misdemeanor vehicular manslaughter. The City was also named as a codefendant of Kernes in a companion civil action brought by the family of the victim.

Kernes moved to recuse the city attorney from prosecuting the criminal action under Penal Code section 1424 on grounds the city attorney's obligations as counsel for Kernes's codefendant in the civil suit conflicted with the city attorney's role as representative of the People in the criminal case. The trial court granted Kernes's motion.

The People challenged the ruling by way of a petition for writ of mandate filed with the appellate division of superior court. The appellate division issued a 13-page opinion directing that the writ be granted without receiving or requesting opposition or issuing an order to show cause.

Kernes followed with this petition for writ of mandate. She argues the appellate division exceeded its jurisdiction by issuing a peremptory writ in the first instance without previously notifying her of that possibility and affording her an opportunity to respond, as required in *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893] (*Palma*). She also faults the appellate division for failing to follow the procedures outlined in Division III of the Coordinated Rules of the Superior and Municipal Courts of San Diego County (local rules).

We requested a response, stayed the criminal proceedings, and issued an order to show cause.

#### DISCUSSION

##### A

■ The appellate division has "original jurisdiction in proceedings for extraordinary relief in the nature of mandamus . . . directed to the superior court in causes subject to its appellate jurisdiction." (Cal. Const., art. VI, § 10.) Because the order recusing the city attorney in a misdemeanor case is subject to its appellate jurisdiction (Pen. Code, § 1466, subd. (1)(A)), the

appellate division had jurisdiction to entertain the writ petition in the case. ▮ As a reviewing court, the appellate division was presented with three options in disposing of the petition for writ of mandate: "either (1) deny the petition summarily; (2) grant a peremptory writ in the first instance without a hearing, after compliance with the procedure set forth in *Palma . . .* ; or (3) grant a hearing on the merits by issuing an alternative writ or order to show cause."[1] (*Bay Development, Ltd. v. Superior Court* (1990) 50 Cal.3d 1012, 1024 [269 Cal.Rptr. 720, 791 P.2d 290]; see also *Lewis v. Superior Court, supra,* 19 Cal.4th 1232, 1239 (*Lewis*); *Kowis v. Howard* (1992) 3 Cal.4th 888, 893-894 [12 Cal.Rptr.2d 728, 838 P.2d 250] (*Kowis*).)

▮ The second option, i.e., the peremptory writ in the first instance, is subject to severe restrictions. As the exception to the rule, the procedure may only be used in the limited situation where " ' "entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." ' " (*Lewis, supra,* 19 Cal.4th at p. 1241, citing *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1223 [23 Cal.Rptr.2d 397, 859 P.2d 96] (*Alexander*), quoting *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961] (*Ng*).) Moreover, on those rare occasions that a reviewing court resorts to use of a peremptory writ in the first instance, it is constrained to comply with the procedural safeguards in *Palma*—that is, to receive or solicit opposition before directing issuance of the writ. (*Lewis, supra,* 19 Cal.4th at p. 1239; *Alexander, supra,* 5 Cal.4th at p. 1223; *Ng, supra,* 4 Cal.4th at p. 35.) As the Supreme Court explains: " '[D]ue notice' under [Code of Civil Procedure] section 1088 requires, at a minimum, that a peremptory writ of mandate or prohibition not issue in the first instance unless the parties adversely affected by the writ have received notice, from the petitioner or from the court, that the issuance of such a writ in the first instance is being sought or considered. In addition, an appellate court, absent exceptional circumstances, should not issue a peremptory writ in the first instance without having received, or solicited, opposition from the party or parties adversely affected." (*Palma, supra,* 36 Cal.3d at p. 180.)

B

▮ Although conceding a reviewing court should normally seek opposition beforehand, the City asserts there was nothing to be gained by doing

---

[1]"An alternative writ commands the party to whom it is directed (the respondent) either to do the act required to be performed, or show cause before the court why the respondent has not done so. . . . . . . 'The respondent may choose to act in conformity with the prayer, in which case the petition becomes moot; otherwise, the respondent and/or the real party in interest may file a written return setting forth the factual and legal bases which justify the respondent's refusal to do so. . . .' . . . In lieu of issuing an alternative writ, the court may issue an order to show cause, thus requiring the submission of further argument in support of the respondent's position." (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240 [82 Cal.Rptr.2d 85, 970 P.2d 872], citations and footnotes omitted.)

so in this case because the trial court's ruling constituted clear error under well-settled issues of law.[2] The City notes the appellate division had the briefs and reporter's transcript from the underlying proceeding and adds, rather than "reversing" the ruling outright, the appellate division merely held the lower court failed to apply the proper standard.

The City's arguments miss the point. A lower court's ruling may constitute clear error under well-settled law but that does not relieve the reviewing court of its obligation to seek opposition.

■ Specifically, *Palma* authorizes a reviewing court to issue a peremptory writ of mandate in the first instance, i.e., without an alternative writ or order to show cause, if as asserted here the error of the lower court is "entirely clear" under "well-settled principles of law and undisputed facts." (*Ng, supra,* 4 Cal.4th at p. 35; *Palma, supra,* 36 Cal.3d at p. 178.) Even in those limited situations where the procedure is appropriate, however, *Palma* requires that a peremptory writ of mandate *not* issue in the first instance without due process. That is,

—the party adversely affected must receive notice that a peremptory writ in the first instance is being sought and considered; and

—absent truly "exceptional circumstances requiring immediate action," the reviewing court must receive or solicit opposition from the party adversely affected. (*Lewis, supra,* 19 Cal.4th at pp. 1236, 1261; *Palma, supra,* 36 Cal.3d at p. 180.)

Opposition from the party adversely affected will determine whether the reviewing court issues a peremptory writ in the first instance or follows the standard operating procedure of using the alternative writ or order to show cause. "If the . . . [opposition] presents any reasonable argument that the applicable law is unsettled or does not govern the precise issue presented in light of the particular undisputed facts, or if the application of legal principles set forth in various sources of law might lead to different results, and there is no compelling need for an expedited decision, the court must follow the usual writ procedure and issue an alternative writ or order to show cause." (*Lewis, supra,* 19 Cal.4th at p. 1261.)

---

[2] In an analogy to a trial court's dismissing a criminal action without setting forth reasons in an order entered in the minutes as required by Penal Code section 1385, subdivision (a), the City asserts nothing can be argued in defense of such a dismissal and posits, were it challenged by writ, an appellate court could simply order the trial court to vacate the dismissal and state reasons if it intended to dismiss the case. Although Penal Code section 1385 is not directly before us, we disagree with the City's position to the extent it conflicts with the principles stated in the balance of this opinion.

■ The petition filed with the appellate division failed to give Kernes express notice that the People were seeking, or the appellate division was considering, a peremptory writ of mandate in the first instance.[3] The appellate division failed to receive or request opposition from Kernes before issuing the peremptory writ in the first instance. Finally, no unusual urgency or exigency existed in this case to justify the failure to request opposition such as there might at least theoretically have been had the trial been starting.[4]

By granting the peremptory writ of mandate in the first instance, the appellate division made "a final determination of a cause on the merits" (*Lewis, supra,* 19 Cal.4th at p. 1255), created "law of the case" (*Kowis, supra,* 3 Cal.4th at pp. 893-894; see also *Palma, supra,* 36 Cal.3d at p. 183) and, as far as Kernes was concerned, "snatched defeat from the jaws of victory" without notice or an opportunity to respond. The court acted in excess of its authority.

## C

■ As a postscript, Kernes sets out local rule 15.5[5] and concludes without argument that it does not permit the appellate division to grant a peremptory writ in the first instance.[6] We assume Kernes is relying on subdivision B.1 and B.2 of local rule 15.5, which requires the appellate division, within 15 days of the filing of a petition, to summarily deny the

---

[3]The Supreme Court suggests the notice requirement in the 1907 amendment to Code of Civil Procedure section 1088 was meant to put the lower court and real party in interest on notice that, in the absence of an alternative writ, a peremptory writ might issue. (*Palma, supra,* 36 Cal.3d at p. 179.) Whether a party who is served with a petition but no formal notice should be charged with knowledge that a peremptory writ in the first instance might issue, the court reasoned: "Given the rarity of that procedure, . . . there is a large gap between possibility and practical anticipation. Express notice at least serves to close the gap, particularly in the case of the litigant who may not be familiar with appellate practice." (*Ibid.*)

[4]Even if trial is about to start, the reviewing court always has the power to issue a temporary stay and thereby defuse the crisis, ensure sufficient time for *Palma* notice and obviate the rush to judgment. (Code Civ. Proc., § 923; Cal. Rules of Court, rule 49; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1998) ¶ 7:306, p. 7-59.)

[5]Local rule 15.5 was amended and renumbered 14.6 effective January 1, 2000. The amendment does not affect our disposition.

[6]Local rule 15.5, subdivision B, provides in pertinent part:

"1. Within 15 days after the filing of the petition, the court shall either summarily deny the petition or issue an order to respondent and the real party to show cause why the relief requested in the petition should not be granted.

"2. If such an order is issued, the court shall allow at least 5 days after its issuance for the respondent and any real party in interest to file a responsive pleading . . . .

"3. Within 15 days after any responsive pleading is filed, the court shall either issue an order granting or denying the petition, or set the matter for hearing.

"4. On motion of any party or on the court's own motion, for good cause, the court may shorten or extend time . . . ."

petition or issue an order to show cause and allow the real party to file a responsive pleading.

Although hardly a model of clarity, the local rule can be read to authorize a peremptory writ in the first instance. In particular, subdivision B.3 of local rule 15.5 provides "[w]ithin 15 days after any responsive pleading is filed, the court shall either issue an order granting or denying the petition, or set the matter for hearing." Because the provision allows the appellate division to grant a petition within 15 days of the filing of any response without necessarily requiring an order to show cause or a hearing, it appears to contemplate the issuance of a peremptory writ in the first instance in compliance with the procedures in *Palma*.

Let a writ issue directing the appellate division to vacate its order of September 9, 1999, and enter an order consistent with this opinion. This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 24(d).) The stay issued on October 15, 1999, is vacated.

Kremer, P. J., and Huffman, J., concurred.