■ In the Matter of GABRIEL H.M., an Infant. JUAN B.F., Appellant. [984 NYS2d 96]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals, as limited by his brief, from so

much of an order of the Family Court, Nassau County (Stack, J.H.O.), dated April 30, 2013, as, after a hearing, and upon finding that Gabriel H.M. is a citizen of El Salvador, unmarried, under 21 years of age, and under the jurisdiction of and dependent upon the Family Court, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, denied that branch of his motion for the issuance of an order making special findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) which sought a finding that Gabriel H.M.'s reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the petitioner's motion which sought a finding that Gabriel H.M.'s reunification with one or both of his parents is not viable due to parental abandonment is granted, and it is declared that Gabriel H.M.'s reunification with one or both of his parents is not viable due to parental abandonment.

In October 2012, the petitioner commenced the instant proceeding to be appointed guardian of Gabriel H.M. Thereafter, the petitioner moved for the issuance of an order making special findings that would allow Gabriel H.M. to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS). The Family Court found that Gabriel H.M. was a citizen of El Salvador, unmarried, under 21 years of age, and under the jurisdiction of and dependent upon the Family Court, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence. However, the Family Court denied the petitioner's motion to the extent that he sought a finding that Gabriel H.M.'s reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and "declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States" (8 USC § 1101 [a] [27] [J] [i]). For a juvenile to

qualify for SIJS status, it must also be determined that reunification with "1 or both" of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*id.*), and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]). As previously determined by this Court, the "1 or both" language requires only a finding that reunification is not viable with one parent (*Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 102 [2013]).

This Court's power to review the evidence is as broad as that of the hearing court, and where, as here, the record is sufficiently complete to make our own factual determinations, we may do so (*see Matter of Kamaljit S.*, 114 AD3d 949 [2014]; *Matter of Jisun L. v Young Sun P.*, 75 AD3d 510, 511-512 [2010]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]). Based upon our independent factual review, the record supports the conclusion that Gabriel H.M.'s reunification with his father is not a viable option because his father abandoned him at or near his birth (*see Matter of Karen C.*, 111 AD3d 622, 623 [2013]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]). Contrary to the Family Court's determination, the statutory reunification requirement may be satisfied upon a finding that reunification is not viable with just one parent, as opposed to both parents (*see Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 110-111; *Matter of Karen C.*, 111 AD3d at 623; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620). Accordingly, that branch of the petitioner's motion which sought a finding that Gabriel H.M.'s reunification with one or both of his parents is not viable due to parental abandonment should have been granted, and it is declared that Gabriel H.M.'s reunification with one or both of his parents is not viable due to parental abandonment. Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.