Filed 5/5/15  D.L. v. Super. Ct. CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| D.L.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>    Respondent;<br><br>D.L.,<br><br>    Real Party in Interest. | A144960<br><br>(San Mateo County Superior Court Case No. FL 128406) |

D.L. (Father), father of 17-year-old D.L. (Minor), filed the instant petition for writ relief in this court seeking review of the San Mateo County Superior Court's denial of his request for preliminary factual findings, pursuant to the Immigration Act of 1990, codified as section 1101 of title 8 of the United States Code (Act), that would qualify Minor for special immigrant juvenile status ("SIJ Status").[1]  For the reasons set forth below, we grant Father's request for extraordinary writ relief (*Palma* procedure) and remand the matter for further proceedings.[2]

---

[1] Father also filed a request to waive court fees.  That request is granted as to the filing fee only.

[2] Minor's mother's unrepresented estate was the nominal adverse party named below.

1

Father filed a petition in the superior court alleging the following facts. Minor was born in May 1997 in Guatemala City. When she was fourteen years old her mother died. Following her mother's death, Father has been Minor's sole caregiver. In June 2014, Minor, her two brothers, and Father fled Guatemala due to threats from a violent gang, the Zetas, and came to the United States. After arriving in the United States, the family has lived with a family friend in Menlo Park. Minor is doing well in this country, excelling in her studies of English as a foreign language. Minor's 18th birthday is in a few days.

Pursuant to the Act, a minor qualifies for SIJ Status if he or she: (1) is a dependent of the juvenile court or committed to, or placed under the custody of, a state entity or other court-appointed individual or entity; (2) cannot be reunified with one or both parents due to abuse, neglect, abandonment, or a similar basis found under State law; and (3) it is not in the minor's best interest to be returned to his or her native country. (*In re Israel O.* (2015) 233 Cal.App.4th 279, 284; 8 U.S.C. § 1101(a)(27)(J)(i).) A superior court with jurisdiction to make child custody determinations under California law " 'has the authority and duty to make [SIJ status] findings' " if the evidence supports those findings. (*In re Israel O, supra,* at pp. 284–285.) After a state court makes SIJ findings, the minor must include that order in the materials presented to the federal authorities, who make the final decision concerning SIJ status. (*Ibid*.) Father requests that the superior court enter an order making the above referenced findings pursuant to the Act.

The superior court denied Father's request stating that it could not find abandonment in this case[3] because the mother died of natural causes. We conclude that the superior court erred when it determined that a finding of willful abandonment was required under the Act. To the contrary, "willfulness" is not a predicate requirement to finding that a parent has abandoned a minor.

---

[3] Abuse and neglect, potential alternate bases to satisfy the third factor, were not alleged.

2

First, the plain language of the federal statute does not require that parental abandonment be willful. It simply requires a finding that Minor cannot be reunified with parents due to "abuse, neglect, abandonment, or a similar basis found under State law." (8 U.S.C. § 1101(a)(27)(J)(i).) Moreover, California statutes addressing the subject of abandonment of minors does not require a finding of willful abandonment as a prerequisite to the exercise of their jurisdiction. Family Code section 3402 defines "abandoned", for purposes of California's Uniform Child Custody Jurisdiction and Enforcement Act, as meaning "left without provision for reasonable and necessary care or supervision." (Fam. Code, § 3402, subd. (a).)

Moreover, Welfare and Institutions Code section 300 delineates circumstances pursuant to which juvenile courts can exercise jurisdiction and declare minors dependents of the court. Section 300, subdivision (g) of the Welfare and Institutions Code describes circumstances which support a finding that parents or guardians have left minors without any provision for support (e.g., the child has been voluntarily surrendered and not been reclaimed within 14 days) and situations where the abandonment was not willful (e.g., the parent is incarcerated or institutionalized and cannot arrange for the child's care). (Welf. & Inst. Code, § 300, subd. (g).) The language of subdivision (g) does not distinguish between willful and unintentional abandonment by a parent. (*Ibid.*) Thus, the trial court erred when it determined that requirement of willful abandonment by the parent is a required finding under the Act.

The expedited procedure whereby an appellate court issues a peremptory writ in the first instance, pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, is justified where there is an urgent need. (See *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240.) Here, exigency arises because Minor will soon turn 18 and her age could deprive the court of jurisdiction. In general, before issuing a peremptory writ, an appellate court must solicit opposition to safeguard due process concerns. (See *Kernes v. Superior Court* (2000) 77 Cal.App.4th 525, 529–530.) Here because there is no adverse party, the immediate issuance of a peremptory writ will not affect a party's due process rights. Accordingly, we grant the petitioner's request to issue

3

a peremptory writ in the first instance reversing the superior court's finding that the Act required a showing of willful abandonment by Minor's parent.

In addition, the record before us does not address the court's conclusions regarding the other preliminary factors that are required to determine SIJ Status. Thus, we remand this matter to the superior court for further proceedings consistent with this opinion. To expedite the prompt resolution of this case, our decision is immediately final as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).) In addition to serving and filing copies of this opinion, the clerk of the court is directed to provide the parties and the respondent superior court with immediate notice of this decision telephonically or via facsimile.

 

 

 

 

                                                                            _____

                                                                            McGuiness, P.J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.