[No. B238857. Second Dist., Div. One. July 2, 2012.]

B.F., a Minor, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

622

Counsel

Public Counsel Law Center, Leslie A. Parrish; and Marie Andree Michaud for Petitioners.

Frederick R. Bennett, Court Counsel, for Respondent.

## OPINION

**MALLANO, P. J.**—In this guardianship matter, three minors seeking special immigrant juvenile status (SIJ status) pursuant to title 8 United States Code section 1101 (section 1101) and 8 Code of Federal Regulations part 204.11 (2012) challenge the Superior Court of Los Angeles County's order denying their request for findings, including that they are "dependent upon the court" and "have been legally placed in the custody of an individual appointed by a juvenile court." The minors contend that respondent superior court sitting as a probate court has authority to make such findings. The superior court argues that section 1101(a)(27)(J) does not authorize it to make the findings and that even if it permitted state court findings for federal immigration purposes, only a "Juvenile Court" exercising the jurisdiction set forth in the Welfare and Institutions Code can do so. We conclude that the federal statutes and regulations and the state statutes authorize the superior court sitting as a probate court to make such findings and that the superior court rules recognize its authority to do so. Accordingly, we grant the petition.

## BACKGROUND

B.F. (born Nov. 1995), M.F. (born Jan. 1997), and L.F. (born Jan. 1998) (Minors) were born in Honduras, where they lived with their parents until their father died in 1999. Their mother immigrated to the United States in 2000, while the Minors remained in Honduras with grandparents. In 2006, the Minors joined their mother in Houston, Texas. Their mother died in February 2011. The Minors' paternal aunt, Irma L., is married to Armando L., who is a United States citizen. In July 2011, the Minors moved in with Irma L. and Armando L. in California.

On August 24, 2011, the Minors filed a petition for appointment of temporary guardian of the person, pursuant to which the superior court appointed Irma L. and Armando L. temporary guardians with letters to issue. On November 30, 2011, the Minors, through their legal guardians, filed a request for an order from the superior court making the necessary findings to enable them to petition the United States Citizenship and Immigration Services for SIJ status pursuant to section 1101(a)(27)(J) and 8 Code of

Federal Regulations part 204.11 (2012). The Minors requested that the superior court find that within the meaning of section 1101(a)(27)(J) and 8 Code of Federal Regulations part 204.11 (2012): The Minors were born in Honduras and are citizens and nationals of Honduras; the superior court has jurisdiction under California law to make judicial determinations about the custody and care of juveniles; the superior court appointed Irma L. and Armando L. as permanent legal guardians of the Minors; the Minors will remain under the superior court's jurisdiction consistent with Probate Code section 2630 after they attain majority or until the immigration process is completed; the Minors are dependent upon the superior court and have been legally placed under the custody of an individual appointed by a "juvenile court"; reunification with one or both parents is not viable due to abuse, neglect, abandonment or similar basis found under state law; it is not in the best interest of the Minors to be returned to Honduras; and it is in the Minors' best interest to remain in the United States.

A hearing on the petition for appointment of guardian was held on December 7, 2011. The superior court granted the petition for appointment of guardian, but denied the Minors' unopposed request for an order making findings under section 1101(a)(27)(J), stating that it did not have the authority to do so.

The Minors filed a petition for a writ of mandate on February 12, 2012. On March 15, 2012, we issued an order to show cause to the superior court to address why a peremptory writ should not issue. The superior court filed a return on March 23, 2012. The Minors filed a reply on April 23, 2012. On June 4, 2012, we invited the Minors and the superior court to submit argument on the effect of Superior Court of Los Angeles County, Local Rules, rule 6.15(a) on the issues raised in the petition for a writ of mandate.[1] The superior court and the Minors filed letter briefs.

## DISCUSSION

The Minors contend that the superior court erred in denying their request for findings that would enable them to petition for SIJ status pursuant to section 1101(a)(27)(J) and 8 Code of Federal Regulations part 204.11 (2012). They contend that the superior court sitting as a probate court has the authority to make such findings. We conclude that the federal statutes and regulations and the state statutes authorize the superior court sitting as a probate court to make such findings and that rule 6.15(a) recognizes its authority to do so.

---

[1] Undesignated references to rules are to the Superior Court of Los Angeles County, Local Rules.

■ The Immigration Act of 1990, codified at section 1101, sets forth a procedure for classification of certain aliens as special immigrants who have been declared dependent "on a juvenile court." (§ 1101 (a)(27)(J)(i).) "[The Immigration Act of 1990] provides that certain aliens who have been declared dependent on juvenile courts located in the United States may be eligible for special immigrant classification. Aliens who are classifiable as special immigrants may apply for immigrant visa issuance abroad or adjustment of status to that of a lawful permanent resident within the United States. After adjustment of status or admission with an immigrant visa, they may live and work in the United States indefinitely and may apply to become United States citizens in the future." (58 Fed.Reg. 42843, 42844 (Aug. 12, 1993).)

Section 1101 states in pertinent part: "(a) As used in this chapter—[¶] . . . [¶] (27) The term 'special immigrant' means—[¶] . . . [¶] (J) an immigrant who is present in the United States—[¶] (i) *who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law*; [¶] (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence . . . ." (Italics added.) Section 1101(a)(27)(J)(iii) requires that the Secretary of Homeland Security consent to the grant of SIJ status.

■ Pursuant to 8 Code of Federal Regulations part 204.11(c) (2012), an alien is eligible for classification as a special immigrant if the alien: "(1) Is under twenty-one years of age; [¶] (2) Is unmarried; [¶] (3) Has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court; [¶] (4) Has been deemed eligible by the juvenile court for long-term foster care; [¶] (5) Continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency or eligibility not having been vacated, terminated, or otherwise ended; and [¶] (6) Has been the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court in which it has been determined that it would not be in the alien's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents . . . ." Eligibility for long-term foster care means that the juvenile court has determined that family reunification is no longer a viable option. (8 C.F.R. § 204.11(a) (2012).) Further, a child who has been placed in a guardianship situation after having been found dependent upon the juvenile court will

continue to be considered to be eligible for long-term foster care. (*Ibid.*) The alien is required to petition for classification as a special immigrant juvenile and to submit documents in support of the petition, including a juvenile court order showing that the court has found the "beneficiary" to be dependent upon that court; a juvenile court order showing the court has found the "beneficiary" eligible for long-term foster care; and evidence of a determination made in judicial or administrative proceedings by a court or agency recognized by the juvenile court and authorized by law to make such decisions that it would not be in the "beneficiary's" best interest to be returned to the country of nationality or to his or her parents. (8 C.F.R. § 204.11(d) (2012).)

The superior court contends that it does not have the authority to make the findings requested by the Minors, claiming that title section 1101 "merely defines terms." The superior court further urges that even if section 1101 permitted state court findings for federal immigration purposes, "it does so with regard to such findings of a Juvenile Court, a specific trial court division in California, not of a Probate Court."[2] The superior court points to section 1101(a)(27)(J)(i)'s references to a "juvenile court" and "such a court" in support of its contention. Further, the superior court cites Welfare and Institutions Code section 245 for the proposition that "[j]udges of the Los Angeles Superior Court are only acting as a Juvenile Court when exercising the jurisdiction set forth in Chapter 2, of Part 1 of Division 2 of the Welfare and Institutions Code."

■ As we explain, we disagree with the superior court's arguments. By its terms, 8 Code of Federal Regulations part 204.11(d) (2012) authorizes a juvenile court to issue an order showing that it has "found the beneficiary to be dependent upon that court" and "eligible for long-term foster care," and that "it would not be in the beneficiary's best interest to be returned to the country of nationality." (8 C.F.R. § 204.11(d)(2)(i)–(iii) (2012).) And although Welfare and Institutions Code section 245 provides that "[e]ach superior court shall exercise the jurisdiction conferred by this chapter, and while sitting in the exercise of such jurisdiction, shall be known and referred to as the juvenile court," the Code of Federal Regulations broadly defines a juvenile court for purposes of SIJ status. According to 8 Code of Federal Regulations part 204.11 (2012), entitled, "Special immigrant status for certain aliens declared dependent on a juvenile court (special immigrant juvenile)," a "[j]uvenile court means a court located in the United States having jurisdiction under State law *to make judicial determinations about the custody and*

---

[2] The Minors requested that we take judicial notice of 17 orders from probate courts throughout the State of California, including five from Los Angeles County, that made factual findings pursuant to section 1101. The Minors' request was unopposed. We deny the Minors' request for judicial notice. "Trial court decisions are not precedent[] . . . . [Citations.]" (*Harrott v. County of Kings* (2001) 25 Cal.4th 1138, 1148 [108 Cal.Rptr.2d 445, 25 P.3d 649].)

*care of juveniles*." (8 C.F.R. 204.11(a) (2012), italics added & omitted; see *Gao v. Jenifer* (6th Cir. 1999) 185 F.3d 548, 555 ["the [Immigration and Nationality Act (8 U.S.C. § 1101 et seq.)] specifically delegates determinations of dependency, eligibility for long-term foster care, and the best interest of the child to state juvenile courts [and] *generally relies* on state courts, acting in their usual course"].)

 While California superior courts may be divided into different departments, there is no distinct or separate jurisdiction between a court assigned to the juvenile department and a court assigned to the probate department. Article VI, section 4 of the California Constitution provides that "[i]n each county there is a superior court of one or more judges." " 'The state Constitution [citation] provides for but one superior court in each county . . . . Accordingly, it has been held that jurisdiction is vested by the Constitution in the court and not in any particular judge or department thereof; and that whether sitting separately or together, the judges hold but one and the same court. [Citation.]' " (*People v. Konow* (2004) 32 Cal.4th 995, 1018 [12 Cal.Rptr.3d 301, 88 P.3d 36].) That is, "[t]he superior court is divided into departments, including the probate department, as a matter of convenience; but the subject matter jurisdiction of the superior court is vested as a whole." (*Estate of Bowles* (2008) 169 Cal.App.4th 684, 695 [87 Cal.Rptr.3d 122]; see *Shane v. Superior Court* (1984) 160 Cal.App.3d 1237, 1249 [207 Cal.Rptr. 210] ["the jurisdiction of a multijudge, multidepartment superior court is vested in the court as a whole and if one department exercises authority in a matter which might properly be heard in another such action, although 'irregula[r],' it does not amount to a defect of jurisdiction"].)

 Further, the Probate Code authorizes the superior court to make judicial determinations about the care and custody of juveniles. Probate Code section 2102 provides, "A guardian or conservator is subject to the regulation and control of the court in the performance of the duties of the office." Probate Code section 2200 provides, "The superior court has jurisdiction of guardianship and conservatorship proceedings." And Probate Code section 2351 provides, "(a) Subject to subdivision (b), the guardian or conservator . . . has the care, custody, and control of, and has charge of the education of, the ward or conservatee." Also, Probate Code section 1514, subdivision (b)(1) states that the court is governed by chapter 1, beginning with section 3020, and chapter 2, beginning with section 3040 of part 2 of division 8 of the Family Code, relating to custody of a minor. Family Code section 3020, subdivision (a) provides, in pertinent part, that "[t]he Legislature finds and declares that it is the public policy of this state to assure that the health, safety, and welfare of children shall be the court's primary concern in determining the best interest of children when making any orders regarding the physical or legal custody or visitation of children."

It follows that here, where the superior court sitting as a probate court made judicial determinations about the care and custody of the Minors by granting their petition for appointment of guardian, it is a juvenile court within the meaning of 8 Code of Federal Regulations part 204.11(a) (2012).

█ What is more, rule 6.15(a), effective July 1, 2011, which was not called to the superior court's attention below, recognizes that the superior court has authority to make findings under section 1101(a)(27)(J). Rule 6.15 states: "(a) Jurisdiction. Special Immigrant Juvenile Status ('SIJS') is a classification under federal law that assists children in obtaining lawful permanent residency. The court has jurisdiction under California law to make judicial determinations about the custody and care of juveniles within the meaning of the Immigration and Nationality Act, 8 United States Code section 1101(a)(27)(J), and 8 Code of Federal Regulation[s] section 204.11(a) and (d) (2) (i)." And we note that rule 1.1f) defines " 'court' " as the "Superior Court of Los Angeles County." Accordingly, the local rules support our conclusion that a superior court sitting as a probate court—not just a juvenile court exercising the jurisdiction set forth in the Welfare and Institutions Code—can make the findings required pursuant to section 1101(a)(27)(J).

To hold that only a superior court sitting as a juvenile court has the authority to make the requisite findings under section 1101(a)(27)(J), as the superior court urges, would adversely impact juveniles, such as the Minors here. The Minors do not fall within the jurisdiction of the dependency court because they have not suffered nor are they at risk of suffering serious physical harm or emotional damage or sexual abuse from their parents or guardians, within the meaning of Welfare and Institutions Code section 300; nor do they fall within the jurisdiction of the juvenile court because they have not violated criminal laws within the meaning of Welfare and Institutions Code section 602, subdivision (a). But they would otherwise be eligible for SIJ status. Mindful of the current budget crisis facing courts in California, at oral argument we questioned as a duplicative and unnecessary burden on the superior court requiring juveniles already before the probate court in guardianship proceedings to bring a new petition in a superior court exercising juvenile dependency or delinquency jurisdiction. The superior court did not address the question.

And notwithstanding the superior court's argument that section 1101 does not mandate findings because it merely defines terms, we infer from rule 6.15 that the superior court recognizes that the court has a mandatory duty to make such findings for the benefit of those "dependent on a juvenile court" or "legally . . . placed under the custody of . . . an individual or entity appointed by a State or juvenile court." (§ 1101(a)(27)(J)(i).)

■ Accordingly, we conclude the superior court sitting as a probate court has the authority and duty to make findings within the meaning of section 1101(a)(27)(J) and 8 Code of Federal Regulations part 204.11 (2012).

## DISPOSITION

Let a peremptory writ of mandate issue, commanding respondent Superior Court of Los Angeles County to vacate its order of December 7, 2011, declining to consider the request of the Minors B.F., M.F., and L.F., by and through their legal guardians, Irma L. and Armando L., regarding special immigrant status pursuant to title 8 United States Code section 1101(a)(27)(J) and 8 Code of Federal Regulations part 204.11 (2012), and to conduct a hearing, as soon as practicable, on the merits of the Minors' request and thereafter issue a new order.

Each party shall bear its own costs of this writ proceeding.

Chaney, J., and Johnson, J., concurred.