Filed 10/16/13  Eddie E. v. Super. Ct. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDDIE E.,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Real Party in Interest. | G048067<br><br>(Super. Ct. No. DL039927)<br><br>O P I N I O N |

Original proceeding; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Nick A. Dourbetas, Judge.  Petition granted.

Lina F. Somait; Catholic Charities of Los Angeles, Inc. and Martin Gauto for Petitioner.

No appearance by Respondent.

No appearance by Real Party in Interest.

Public Counsel Law Center, Martha Matthews; Legal Services for Children, Abigail Trillin; Immigrant Legal Resource Center, Angie Junck; University of

California, Irvine School of Law Immigrant Rights Clinic, Sameer M. Ashar; Southwestern Law School Immigrant Law Clinic, Andrea Ramos; Youth Law Center and Alice Bussiere as Amicus Curiae on behalf of Petitioner, upon request of the Court of Appeal.

Office of Immigration Litigation DCS, Stuart F. Delery, Acting Assistant Attorney General for the United States Department of Justice Civil Division, Elizabeth J. Stevens, Assistant Director, Melissa S. Liebman, Trial Attorney as Amicus Curiae, upon request of the Court of Appeal.

\*          \*          \*

Eighteen-year-old Eddie E. petitions for unopposed writ relief after respondent court denied his request to make all necessary factual findings to enable him to apply for classification as a Special Immigrant Juvenile (SIJ) under the Immigration and Nationality Act, title 8 United States Code section 1101(a)(27)(J), which provides "abused, neglected, and abandoned unaccompanied minors . . . a process that allows them to become permanent legal residents." (*In re Y.M.* (2012) 207 Cal.App.4th 892, 915 (*Y.M.*).) To be entitled to SIJ status, the minor must have, among other things, "been declared dependent on a juvenile court located in the United States or [be one] whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States . . . ." (8 U.S.C. § 1101(a)(27)(J)(i).) Respondent court found petitioner did not qualify as a dependent because he had "been declared a ward of this court under [Welfare and Institutions Code] section 602" (all further statutory references are to this code unless otherwise stated) and did not make any of the other required findings for SIJ status. Petitioner contends this was error and seeks a writ of mandate ordering the respondent court to make the remaining findings of fact necessary

to determine eligibility for SIJ status.  We agree and grant the petition for writ of mandate.

## BACKGROUND

Petitioner was born in Mexico in February 1995.  He was brought to the United States by his mother when he was five years old, has never returned to Mexico.  After abandoning him three years later, his mother died in September 2010.

In 2011, respondent court declared petitioner a ward of the court under section 602 after finding true allegations he had unlawfully taken a vehicle, resisted or obstructed a public officer, and was guilty of hit and run with property damage.  It committed petitioner to the care of the probation department for placement in juvenile hall for eight days, with credit for eight days served, and thereafter to be released to U.S. Immigration and Customs Enforcement (ICE).

In 2012, petitioner's probation was transferred to San Bernardino County for several months after he was placed in a foster home in that county.  He was transferred back to an Office of Refugee Resettlement shelter in Orange County later that year.

At a hearing in December 2012, petitioner's immigration attorney, Martin Gauto, made a special appearance to request respondent court make factual findings to allow petitioner to file a petition for SIJ status.  After Gauto filed supporting memoranda of points and authorities, a hearing was held in January 2013 during which the district attorney declined to be heard.  Respondent court found petitioner did not meet the first requirement for SIJ status, that he be an immigrant "who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or

3

entity appointed by a State or juvenile court located in the United States." (8 U.S.C. § 1101(a)(27)(J)(i).)

Petitioner filed a petition for writ of mandate. We invited real party in interest the People of the State of California to respond informally; it responded by letter stating it was not opposed to the granting of the relief sought. We thereafter issued an order to real party in interest to show cause why a writ of mandate should not issue and invited amici curiae briefs from various entitles.

By letter, real party in interest reiterated it had no opposition to the petition while the California Attorney General's Office stated it took no position on the matter and declined to file an amicus brief. The United States Department of Justice filed an amicus brief stating it took "no position whether . . . petitioner satisfies the first criterion for a dependency order under 8 U.S.C. § 1101(a)(27)(J)(i)." An amici curiae brief was filed in support of petitioner collectively by the Public Counsel Law Center, Legal Services for Children, Immigrant Legal Resource Center, University of California, Irvine School of Law, Southwestern Law School Immigration Law Clinic, and Youth Law Center.

DISCUSSION

"The Immigration Act of 1990 [the Act], codified at [title 8 United States Code] section 1101, sets forth a procedure for classification of certain aliens as special immigrants who have been declared dependent 'on a juvenile court.'" (*B.F. v. Superior Court* (2012) 207 Cal.App.4th 621, 626 (*B.F.*).) "Congress created this classification to protect abused, neglected, and abandoned unaccompanied minors through a process that allows them to become permanent legal residents. . . . A minor who obtains SIJ status may become a naturalized United States citizen after five years." (*Y.M.*, *supra*, 207 Cal.App.4th at p. 915.) "While the federal government has exclusive jurisdiction with

4

respect to immigration [citations], including the final determination whether an alien child will be granted permanent status as an SIJ [citations], state juvenile courts . . . [¶] are charged with making a preliminary determination of the child's dependency and his or her best interests, which is a prerequisite to an application to adjust status as a special immigrant juvenile." (*In re Mario S.* (N.Y. Fam. Ct. 2012) 38 Misc.3d 444, 451 [954 N.Y.S.2d 843, 849] (*Mario S.*).)

The SIJ provisions has been amended twice since the Act's enactment. (*Mario S.*, *supra*, 954 N.Y.S.2d at p. 848.) "'In 1997 . . . Congress amended [title 8 United States Code] § 1101(a)(27)(J) to require that a court, in its order, determine that the juvenile (1) is eligible for long-term foster care due to abuse, neglect, or abandonment and (2) has been declared a dependent of a juvenile court or committed or placed with a state agency' [citations]. 'Under the 2008 amendment, the eligibility requirements . . . hinge primarily on a reunification determination. The amendment expanded eligibility to include juvenile immigrants whom a court has committed to or placed in the custody of an individual or a state-appointed entity -- not just those whom a court has committed to or placed with a state agency or department. . . . Finally, Congress removed the requirement that a state juvenile court find that a juvenile is eligible for long-term foster care because of abuse, neglect, or abandonment. Instead, a court must find that reunification is not possible because of abuse, neglect, or abandonment.'" (*Id*. at pp. 848-849.)

As it reads now, title 8 United States Code section 1101(a)(27) provides: "The term 'special immigrant' means—[¶] . . . [¶] (J) an immigrant who is present in the United States—[¶] (i) who has been declared dependent on a juvenile court located in the United States *or* whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, *and* whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis

5

found under State law; [¶] (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and [¶] (iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status, . . . [with certain inapplicable exceptions]." (Italics added.)

The first part of subsection (i) is phrased in the disjunctive. (See *Boy Scouts of America National Foundation v. Superior Court* (2012) 206 Cal.App.4th 428, 444 ["'When used in a statute, the word "or" indicates an intention to designate separate, disjunctive categories'"].) Thus, a court must find *either* that an immigrant has been (a) "declared dependent on a juvenile court" *or* (b) "legally committed to, or placed under the custody of" a state agency or department or "an individual or entity appointed by a State or juvenile court located in the United States." (8 U.S.C. § 1101(a)(27)(J)(i).) Once *either* of those findings are made, the court must then "'ma[k]e two additional findings: (1) that reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence.'" (*Mario S.*, *supra*, 954 N.W.S.2d at p. 849; 8 U.S.C. § 1101(a)(27)(J)(i) & (ii).)

Here, respondent court found under (a) that petitioner had not been declared a dependent of the court. It distinguished *B.F.*, *supra*, 207 Cal.App.4th 621, which held a probate court had authority to make SIJ findings for three immigrant minors whose aunt and uncle had been appointed as their temporary guardians. (*Id*. at pp. 624, 625, 627-630.) According to respondent court, petitioner had "not been designated a dependent of the juvenile court . . . pursuant to section 300 . . . [but rather] has been declared a ward of this court under section 602 [and] this court made no guardianship findings as to

6

[petitioner.] There were no placement orders made when [petitioner] was brought into [section] 602 status." It did not make any additional findings. This was error.

Under the plain language of the statute (*Shirey v. Los Angeles County Civil Service Com.* (2013) 216 Cal.App.4th 1, 20 ["In construing a federal statute, "'we look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress"'"]), dependency under section 300 is not the only manner in which petitioner could satisfy the first part of title 8 United States Code section 1101(a)(27)(J)(i). Rather, as an alternative basis, a resident alien in petitioner's position may also demonstrate he had been "legally committed to, or placed in the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States." (8 U.S.C. § 1101(a)(27)(J)(i).) Respondent court erred by not considering and making findings on this alternative basis. We thus grant the petition and issue a writ of mandate ordering respondent court to do so, and if it finds petitioner was such a person, to determine (1) whether reunification with his parents "is not viable due to abuse, neglect, abandonment, or a similar basis found under State law" and (2) whether it would be in his "best interest to be returned to [his] . . . previous country of nationality or country of last habitual residence." (8 U.S.C. § 1101(a)(27)(J)(i)-(ii).)

DISPOSITION

Let a writ of mandate issue commanding respondent Superior Court of Orange County to vacate its order of January 11, 2013, denying petitioner's application for SIJ status on the basis petitioner was not a dependent within the meaning of title 8 United States Code section 1101(a)(27)(J)(i), and to conduct a hearing as soon as

7

practicable, on the remaining requested findings of fact necessary for SIJ status and thereafter issue a new order.  Each party shall bear its own costs of this writ proceeding.


                              RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


IKOLA, J.