Filed 1/22/15  In re Christian C. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re CHRISTIAN C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN C.,<br><br>        Defendant and Appellant. | A142082<br><br>(Alameda County<br>Super. Ct. No. SJ13021657-03) |

Appellant Christian C. was adjudged a ward of the juvenile court. During the pendency of delinquency proceedings, he asked the juvenile court to make factual findings that would qualify him for special immigrant juvenile (SIJ) status under federal law (8 U.S.C. § 1101(a)(27)(J); hereafter section 1101(a)(27)(J) or the SIJ statute). The juvenile court declined the request. In this abbreviated opinion,[1] we follow the recent decision of *In re Israel O.* (Jan. 16, 2015, A142080) __ Cal.App.4th __ [2015 WL 227892],[2] reverse the juvenile court's order, and remand for further proceedings.

---

[1] Because this appeal may be resolved by relying on a published opinion and does not require a reexamination or restatement of the opinion's principles or rules, we resolve this cause by abbreviated form of opinion as permitted by California Standards of Judicial Administration, section 8.1(2).

[2] The opinion may be found at <http://www.courts.ca.gov/opinions/documents/A142080.PDF>.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Christian was born in Mexico and moved to the United States in 2005, when he was eight years old. Since then, he has lived with his mother in San Leandro. Christian's father lives in Mexico, but they have never had a significant relationship, and Christian does not have many memories of him. His father has never supported him physically, financially, or emotionally, and Christian has had only minimal phone contact with him. Christian's father has expressed no interest in providing for Christian, and if Christian were returned to Mexico he would have no home to go to, and he would be "totally unsupervised."

Christian came to the attention of the juvenile court when he was 16 and a wardship petition was filed against him on October 1, 2013, alleging he committed battery against his mother and punched holes in the wall at their home. Christian admitted an allegation that he committed misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)), he was adjudged a ward of the court, and the juvenile court placed him on probation and released him to the care of his mother. Christian was accused of committing various other violations, and his wardship was continued several times.

On February 19, 2014, Christian filed a request that the juvenile court make factual findings to enable him to file for SIJ status. The SIJ statute is part of the Immigration Act of 1990 and sets forth a procedure for classifying certain aliens as special immigrants who have been declared dependents of a juvenile court. (*In re Israel O.*, *supra*, __ Cal.App.4th __ [2015 WL 227892].) Division Five of this court recently summarized the history of the SIJ statute and its applicability in state-court juvenile proceedings when it considered the identical issue in the case of Christian's younger brother Israel O., and we quote the opinion at length: " 'Congress created this classification [of aliens] to protect abused, neglected, and abandoned unaccompanied minors through a process that allows them to become permanent legal residents. [Citation.] . . . A minor who obtains SIJ status may become a naturalized United States

2

citizen after five years. [Citation.]' (*In re Y.M.* (2012) 207 Cal.App.4th 892, 915; see 8 U.S.C. § 1427(a).)

"In 1997, as a result of congressional concern 'that visiting students were abusing the SIJ process, [Congress] amended the SIJ statute to "limit the beneficiaries of this provision to those juveniles for whom it was created, namely abandoned, neglected, or abused children . . . ." [Citation.]' (*Perez-Olano v. Gonzalez* (C.D.Cal. 2008) 248 F.R.D. 248, 265, fn. 10.) That amendment required a state court [to] determine whether a minor seeking SIJ status was (1) eligible for long-term foster care due to abuse, neglect, or abandonment and (2) a dependent of a juvenile court or committed or placed with a state agency. (See *Eddie E. v. Superior Court* (2013) 223 Cal.App.4th 622, 626-627.) At issue here is an amendment to the SIJ statute under the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA) (Pub.L. No. 110-457, § 235(d)(1) (Dec. 23, 2008), 122 Stat. 5044, 5079). TVPRA replaced the requirement of long-term foster care eligibility with a requirement that reunification with '1 or both' parents not be viable due to abuse, neglect, [or] abandonment. TVPRA also made minors who had been placed in the custody of an individual or entity appointed by a state court eligible for SIJ status. [Citation.] ' "As a result of the removal of the foster care requirement, state courts may now make SIJ [status] findings whenever jurisdiction can be exercised under state law to make care and custody determinations, and are no longer confined to child protection proceedings alone." [Citation.]' (*Leslie H. v. Superior Court* (2014) 224 Cal.App.4th 340, 349 (*Leslie H.*).)

" ' "While the federal government has exclusive jurisdiction with respect to immigration [citations] . . . , state juvenile courts play an important and indispensable role in the SIJ application process." [Citation.] Under section 1101(a)(27)(J) and its implementing regulations codified at 8 Code of Federal Regulations part 204.11 . . . , "state juvenile courts are charged with making a preliminary determination of the child's dependency and his or her best interests, which is a prerequisite to an application to adjust status as a special immigrant juvenile. 'The SIJ statute affirms the institutional competence of state courts as the appropriate forum for child welfare determinations

3

regarding abuse, neglect, or abandonment, and a child's best interests' [citations]."
[Citation.]' (*Leslie H.*, *supra*, 224 Cal.App.4th at p. 348, quoting *In re Mario S.*
(N.Y.Fam.Ct. 2012) 954 N.Y.S.2d 843, 849 (*Mario S.*).)

"The predicate state trial court findings now required under the SIJ statute, as revised by TVPRA, are that (1) the minor is 'dependent' upon a juvenile court or 'committed to, or placed under the custody of,' a state entity or other court-appointed individual or entity; (2) the minor cannot be reunified with one or both parents 'due to abuse, neglect, abandonment or a similar basis found under State law,' and (3) it is not in the minor's 'best interest' to be 'returned' to his or her country of origin. (§ 1101(a)(27)(J); see also 8 C.F.R. § 204.11(c).) A superior court with jurisdiction to make child custody determinations under California law 'has the authority and duty to make [SIJ status] findings' if the evidence before it supports those findings. ([Citation]; Code Civ. Proc., § 155, subds. (a), (b)(1).) After a state court makes SIJ status findings, the minor must include that order in his or her SIJ petition to the Department of Homeland Security. (See 8 U.S.C. § 1101(a)(27)(J)(iii); 8 C.F.R. § 204.11(d).)" (*In re Israel O.*, *supra*, __ Cal.App.4th __ [2015 WL 227892], fns. omitted.)

Christian argued below that he met the criteria for SIJ status and that the juvenile court was authorized to make the appropriate factual findings. At a hearing on May 12, 2014, the juvenile court agreed it had jurisdiction as a delinquency court to issue findings on whether Christian met the criteria for SIJ status, and it found that reunification with Christian's father was not feasible. It concluded, however, that the "one or both" language of the SIJ statute prohibited a finding of SIJ status because it remained feasible to return a minor to one of his or her parents (in this case, Christian's mother), and on that basis the court denied Christian's request. (At the time of the juvenile court's ruling, Christian was placed out of his mother's care in a residential group home.) The juvenile

4

court's ruling was consistent with its ruling that same day in the delinquency case of Christian's younger brother, Israel O.[3]

## II.
### DISCUSSION

In his opening brief, Christian argued that the juvenile court erred when it refused to make findings under the SIJ statute because the law requires only that a minor show that reunification with one parent is not viable. Acknowledging that Christian's argument is consistent with the federal interpretation of the SIJ statute, respondent requested the matter be remanded to the juvenile court to make appropriate SIJ-status findings. This court denied Christian's motion for summary reversal, but it granted his request for expedited consideration since he must apply for SIJ status before his wardship is terminated.

We have reviewed *In re Israel O.*, *supra*, __ Cal.App.4th __ [2015 WL 227892], which held that "an eligible minor under section 1101(a)(27)(J) includes a juvenile for whom a safe and suitable parental home is available in the United States and reunification with a parent in his or her country of origin is not viable due to abuse, neglect or abandonment." We agree with the opinion's reasoning and conclusion, which is dispositive of the identical issue raised here. As in *Israel O.*, the juvenile court already has determined the minor to be a ward of the court and has found that reunification with his father in Mexico is not feasible because of abandonment. But, as in *Israel O.*, it did not address whether a return to Mexico was in the minor's best interest. (8 U.S.C. § 1101(a)(27)(J)(ii).) We agree with *Israel O.* that the determination of whether a return to that country is in the minor's best interest is best made by the juvenile court in the first instance. (*In re Israel O.*, *supra*, __ Cal.App.4th __ [2015 WL 227892].)

---

[3] On September 9, 2014, this court took judicial notice of the reporter's transcript of the May 12, 2014, hearing in Israel O.'s case. (*In re Israel O.*, Alameda County Juvenile Court No. SJ13022021-01.)

## III.
### DISPOSITION

The juvenile court's order denying Christian's request for SIJ-status findings is reversed. We remand to the juvenile court for a hearing as soon as practicable to determine whether it is in Christian's best interest to be returned to Mexico. If the juvenile court finds it is not in Christian's best interest to be returned, the court shall complete Judicial Council Form JV-224, as required by Code of Civil Procedure section 155, subdivision (b).

_____
Humes, P.J.

We concur:

_____
Margulies, J.

_____
Banke, J.