[Crim. No. 17113. First Dist., Div. Four. Apr. 3, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN DOUGLAS BROWNING, Defendant and Appellant.

COUNSEL

William H. Du Bois, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**CHRISTIAN, J.**—Stephen Douglas Browning has appealed from a judgment of imprisonment which was rendered after a jury found him guilty of second degree murder. (Pen. Code, § 187.) The cause has not been briefed. Appellant has moved for summary reversal of the judgment. The motion appeared to have merit. Because a judgment in a criminal case "can be reversed only after argument, . . ." (Pen. Code, § 1253), we have heard argument on the motion.

Browning and three codefendants, Tucker, Weathersby and Wyatt, were charged by indictment with murder. The cause was tried before a jury, and was submitted. During the next three days, the jury requested the rereading of various instructions as well as the testimony of certain witnesses. At one point the jury asked the court if there was a verdict for a hung jury, and the court indicated that there was not.

On March 24, the jury returned verdicts finding Tucker and Weathersby guilty of first degree murder. The judge inquired as to the division with respect to the remaining two defendants, Wyatt and appellant. The foreman replied "11 to 1" as to each. The court then directed the jurors to continue their deliberations.

Shortly thereafter, the jury returned to the courtroom and—at the specific request of the foreman—the court gave the "*Allen* instruction." The jury then resumed deliberations. Twenty-five minutes after retiring, the jury returned a verdict of "not guilty" as to Wyatt. The jury then retired for further deliberations, and an hour and a half later, returned a verdict finding Browning guilty of second degree murder.

In *People* v. *Gainer* (1977) 19 Cal.3d 835 [139 Cal.Rptr. 861, 566 P.2d 997], the Supreme Court held that the *Allen* admonition to minority jurors that they should reconsider their position in light of the majority's views is per se prejudicial error. In addition, the court held that the *Allen* instruction, " 'the case must at some time be decided,' " is erroneous, though not necessarily prejudicial. (*Id.* at pp. 852, 854-856.) Finally, the court specifically held that this rule applies "to all cases not yet final as of

the date of this decision." (*Id.* at p. 853.) In light of *Gainer,* reversal is mandatory in the instant case.

The People argue that *Gainer* is distinguishable from the instant case in that (1) the *Allen* instruction was given at the request of the jury; and (2) the verdict which immediately followed the giving of that instruction was the acquittal of codefendant Wyatt, the verdict finding appellant guilty being returned only after a period of further deliberation. It is contended that these circumstances support an inference that appellant was not harmed by the giving of the *Allen* instruction. However, in view of the Supreme Court's holding that such an instruction is per se prejudicial, we cannot accept this contention.

The People further contend that under article VI, section 13, of the California Constitution, an appellate court lacks the power to declare a violation of a nonconstitutionally compelled rule of criminal procedure to be reversible per se. We are not at liberty to accept that contention in the face of a contrary holding by the California Supreme Court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

This court has the power to entertain a motion for reversal in an appropriate case. (*Landberg* v. *Landberg* (1972) 24 Cal.App.3d 742, 746 [101 Cal.Rptr. 335]; *Melancon* v. *Walt Disney Productions* (1954) 127 Cal.App.2d 213, 215 [273 P.2d 560].) The power has apparently thus far been exercised only in civil cases. However, as it is derived from the inherent powers of the court, it applies equally to criminal appeals.

In the present case, the motion for summary reversal should be granted. As the court observed in *Melancon* v. *Walt Disney Productions, supra,* 127 Cal.App.2d at page 215: "A reversal will effectuate two wholesome results, namely: (1) a just determination of the cause pending before this court, the Supreme Court having ruled on the question by which ruling we are bound; and (2) a speedy determination of the appeal. It is evident that were the motion to be denied and briefs be required no useful purpose would be served since the ultimate result would be the same. (See *Tarpley* v. *Epperson,* 125 Tex. 63 [79 S.W.2d 1081, 1082[1]].) [¶] Such ruling will not result in a technical disposition of the appeal. On the contrary it saves both parties time and expense, as the same determination is reached without their being put to the expense of

filing additional briefs which, of course, would entail additional attorneys' fees and costs of printing."

The motion for summary reversal is granted; the judgment is reversed.

Caldecott, P. J., and Wilson, J.,* concurred.

A petition for a rehearing was denied April 24, 1978, and respondent's petition for a hearing by the Supreme Court was denied June 1, 1978. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.