[No. A017629. First Dist., Div. Four. Dec. 23, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH GEITNER, Defendant and Appellant.

**COUNSEL**

Thomas W. Perley, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ann K. Jensen and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.***—Joseph Geitner appeals from a judgment of imprisonment rendered after he pleaded guilty to first degree burglary (Pen. Code, §§ 459, 462, subd. (a)).

---

*Before Caldecott, P. J., Rattigan, J., and Christian, J.

Appellant pleaded guilty after the court assured appellant issuance of a certificate of probable cause would preserve for appeal any errors in its prior ruling on the voluntariness of statements appellant had made to the police. The court did issue a certificate of probable cause purporting to certify for appeal its ruling on appellant's extrajudicial statements. ■ But issuance of the certificate does not render reviewable an interlocutory ruling of the kind challenged here. (See *People* v. *DeVaughn* (1977) 18 Cal.3d 889 [135 Cal.Rptr. 786, 558 P.2d 872].) On that basis appellant has moved for summary reversal.

■ Summary determination of a criminal appeal is very rare. Nonetheless, in *People* v. *Browning* (1978) 79 Cal.App.3d 320 [145 Cal.Rptr. 45], this court heard argument on and granted a motion for summary reversal of a judgment of conviction of second degree murder. *Browning* found "per se prejudicial error" under *People* v. *Gainer* (1977) 19 Cal.3d 835 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73], in the trial court's "*Allen* instruction" admonishing minority jurors to reconsider their position. Summary reversal, we held, would effectuate "just determination" of a matter governed by a Supreme Court ruling and "a speedy determination of the appeal." (*People* v. *Browning, supra,* 79 Cal.App.3d 320, 323.)

In *People* v. *Brigham* (1979) 25 Cal.3d 283 [157 Cal.Rptr. 905, 599 P.2d 100], the Supreme Court placed limits upon the authority of an appellate court to dispose of criminal appeals summarily. *Brigham* held that an appellate court "acted outside of its authority when it summarily affirmed appellant's conviction without holding oral argument." (25 Cal.3d at p. 289.) The court distinguished *Browning* on the ground that the appellate panel there had heard arguments on the motion before summarily reversing the judgment. *Brigham* does not bar this court from entertaining the instant motion for summary reversal; consistent with *Brigham* and *Browning* we have accorded to the parties an opportunity for oral argument on the merits.

Summary reversal here would serve the goals identified in *Browning*. Obviously this procedure would effect a more "speedy determination" of Geitner's appeal. Moreover, a decision of the Supreme Court is closely on point and requires reversal here. In *People* v. *DeVaughn, supra,* 18 Cal.3d 889, defendants pled guilty to burglary only after the trial court assured them that its issuance of a certificate of probable cause would permit them to appeal its denial of their motions to exclude their statements to the police. ■ The Supreme Court held that the issuance of a certificate "does not operate to expand the grounds upon which an appeal may be taken." (*People* v. *DeVaughn, supra,* 18 Cal.3d 889, 896; see also *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028].) As defendants' objections related to the determination of their guilt, rather than the jurisdiction of the court to try them, the issue was not preserved under Penal Code section 1237.5. The court's

misstatement concerning the appellate process, however, did affect the legality of the proceedings and consequently were reviewable. "We hold, however, that the errors in failing to suppress the extrajudicial statements are not cognizable on appeal after guilty pleas, and that the trial court could not bargain to preserve such issues on appeal by issuance of certificates of probable cause. We conclude, accordingly, that the guilty pleas were improperly induced and we reverse the judgments." (*People* v. *DeVaughn, supra,* 18 Cal.3d 889, 893.)

As the instant situation is almost identical to that in *DeVaughn,* reversal appears necessary. In cases in which an erroneous representation regarding reviewability has induced a guilty plea, appellate courts generally have not allowed the misrepresentation to transform that issue into one cognizable on appeal. Instead, a court typically reverses the judgment and remands it to the trial court to permit the defendant to withdraw his guilty plea. (See *People* v. *Haven* (1980) 107 Cal.App.3d 983, 985-986 [167 Cal.Rptr. 376]; *People* v. *Draughon* (1980) 105 Cal.App.3d 471, 473-474 [164 Cal.Rptr. 440]; *People* v. *Lee* (1980) 100 Cal.App.3d 715, 718-719 [161 Cal.Rptr. 162]; *People* v. *Coleman* (1977) 72 Cal.App.3d 287, 291-293 [139 Cal.Rptr. 908].)

The judgment is reversed with directions to allow appellant to withdraw his plea of guilty.