Filed 2/8/21  P. v. Clemons CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>THURMON L. CLEMONS JR., IV,<br><br>        Defendant and Appellant. | A158469<br><br>(Solano County<br>Super. Ct. No. FCR335986) |

Pursuant to a negotiated disposition, appellant Thurmon L. Clemons Jr., IV entered a plea of no contest to one count of first degree burglary in exchange for the trial court's promise that he would retain his right under *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*) to appeal the denial of his motion to suppress the evidence of his confession made during a police interview.  After his *Miranda* motion was denied, he was sentenced to a stipulated term of two years in state prison.  The trial court issued a certificate of probable cause to preserve appellant's *Miranda* claim on appeal. Appellant now contends that his conviction must be reversed because his plea was induced by the illusory promise that he could obtain appellate review of his *Miranda* claim.  The Attorney General concedes that error was committed and the case must be remanded to allow appellant the opportunity to withdraw his plea.  We reverse the judgment of conviction and remand with

1

instructions to permit appellant to withdraw his plea if he elects to do so, and to undertake such further proceedings as may be necessary.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. Offense and Charges

The details of the offense are not pertinent to this appeal. Briefly, on November 21, 2015, Daniel Kelly was robbed by two men at gunpoint inside his Vacaville apartment. He later identified appellant in a six-pack photo lineup as one of the men who had entered his apartment, bound him with duct tape, and robbed him. Following appellant's arrest in May 2016, appellant was interviewed by Vacaville Police Sergeant Aaron Dahl. During the three-hour recorded interview, appellant admitted to entering Kelly's residence and playing a role in the robbery.

In July 2018, appellant was charged by an amended complaint with first degree robbery (Pen. Code, § 211; count one),[1] assault with a firearm (§ 245, subd. (b); count two), first degree burglary with a person-present allegation (§§ 459, 667.5; count three), and two counts of conspiracy (§ 182; counts four & five). Appellant pled not guilty.

### B. Plea and Sentencing

On March 7, 2019, appellant signed a written waiver of rights form reflecting his no contest plea to first degree burglary with a person present (count three). On the form, appellant indicated that he was giving up his right to appeal "except as to Miranda/5A motion & IAC." He also indicated his plea was induced by the promise that "I will be allowed to withdraw my plea if my future Miranda motion is granted and the recorded interview with [Sergeant] Dahl is excluded or suppressed."

---

[1] All statutory references are to the Penal Code.

2

At the change-of-plea hearing, the trial court summarized the relevant terms of the plea as follows: "[J]ust so it's clear on the record, this plea is being entered in anticipation of [appellant's attorney] being allowed to file a motion regarding a potential *Miranda* or Fifth Amendment violation. If it turns out that he's unsuccessful in that motion, then this plea will stand." The court explained that if the *Miranda* motion were successful, appellant would have the choice either to stand by his plea, "and the Court will follow the promises here, in terms of judgment and sentence," or withdraw his plea, and appellant would be afforded a new preliminary hearing. The court continued: "Also, if you lose the motion, [your attorney] is reserving the right, on your behalf, to appeal the decision on the *Miranda* Fifth Amendment issue and issues of ineffective assistance of counsel." Appellant stated that he understood the terms of the plea bargain as explained by the court. He entered a plea of no contest to first degree burglary and admitted the person-present allegation. On the minute order for the hearing, the clerk wrote, "Defense reserves rights to appeal *Miranda* issues."

In June 2019, appellant filed a motion to suppress the interview with Sergeant Dahl on Fifth Amendment and *Miranda* grounds, asserting he had invoked his right to counsel during the interview before he made the incriminating statements. The prosecution countered that appellant's alleged mid-interrogation invocation was ambiguous and that, regardless, he was readvised of his *Miranda* rights before voluntarily proceeding with the interview. The trial court denied the motion.

At appellant's September 2019 sentencing hearing, defense counsel asked the trial court to "[r]eject the deal" or "give [appellant] a stay" while "the appellate courts make the decision." The court asked counsel if he was making a "request to withdraw his plea in some fashion." Counsel responded,

3

"Yes, twofold, Judge."  He proceeded to argue that the "deal is not right" and appellant "should not go to prison."  Counsel continued: "You know what, I want the court to either rescind the [section] 1192.5 disposition, because it violates the Fifth Amendment because the penalty is too severe for the conduct[] [g]iven his particular situation[,] or two, if the Court is going to keep it in place, to issue a stay under these circumstances given the righteousness of the issue that will be before the appellate court."  The trial court denied the requests, stating it intended "to follow the plea agreement."  The court explained: "We fully litigated the issue of the Fifth Amendment and *Miranda* issue.  [Appellant] is certainly entitled to deal with that in whatever way he sees fit, in terms of his appeal, if he chooses to go that route."  The court imposed the agreed-upon two-year prison term.

Appellant filed a timely notice of appeal.  On the appeal form, he checked the box stating that the appeal "challenges the validity of the plea or admission."  He also checked the box for "other" appeals and handwrote that he was appealing from the "denial of [his] motion to suppress [his] statement."

Appellant also requested a certificate of probable cause on the basis that the trial court had "erred in denying [his] motion to suppress [his] statements."  On the request form, appellant wrote: "By agreement of all parties, I would have had the right to withdraw my plea if the court sup[p]ressed my statement and it was my intention to do so.  I am prejudiced by the [denial] of my motion as I am now going to prison.  I would have gone to trial if the court had granted my motion."  The court granted the request for a certificate of probable cause.  This appeal followed.

4

## II. DISCUSSION

Appellant contends his no contest plea was induced by the trial court's misrepresentation that the alleged violation of his *Miranda* rights was preserved for appellate review. The Attorney General agrees that appellant's *Miranda* claim is not cognizable on appeal and that appellant should be given the opportunity to withdraw his plea. We agree.

### A. Applicable Legal Principles

In *People v. De Vaughn* (1977) 18 Cal.3d 889, 893 (*De Vaughn*), the Supreme Court held that "errors in failing to suppress [] extrajudicial [incriminating] statements are not cognizable on appeal after guilty pleas, and . . . the trial court [can] not bargain to preserve such issues on appeal by issuance of certificates of probable cause." These claims are not appealable because "[a] guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.] Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' [Citations]." (*In re Chavez* (2003) 30 Cal.4th 643, 649.) In addition, "[o]btaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty." (*People v. Kaanehe* (1977) 19 Cal.3d 1, 9; see *De Vaughn*, at p. 896 ["The issuance of a certificate of probable cause pursuant to section 1237.5 does not operate to expand the grounds upon which an appeal may be taken as that section relates only to the 'procedure in perfecting an appeal from a judgment based on a plea of guilty.'"])

On the other hand, "'[w]here a defendant's plea is "induced by misrepresentations of a fundamental nature" such as a bargain which is

5

beyond the power of the trial court, a judgment based upon the plea must be reversed. [Citations.]' [Citation.]" (*People v. Hollins* (1993) 15 Cal.App.4th 567, 574-575 (*Hollins*).) A claim that the plea was improperly induced concerns the legality of the proceedings resulting in the plea and is therefore cognizable on appeal. (§ 1237.5; *De Vaughn, supra,* 18 Cal.3d at p. 896; see also *People v. Geitner* (1982) 139 Cal.App.3d 252, 255 ["In cases in which an erroneous representation regarding reviewability [of a claim] has induced a guilty plea, appellate courts generally have not allowed the misrepresentation to transform that issue into one cognizable on appeal. Instead, a court typically reverses the judgment and remands it to the trial court to permit the defendant to withdraw his guilty plea."] (*Geitner*).)

## B. Appellant's Plea Was Induced by an Illusory Promise

*De Vaughn, supra,* controls our decision here. In *De Vaughn,* the defendants pled guilty to second degree robbery after being promised that they could appeal the denial of pretrial motions to suppress their confessions as having been involuntarily induced. (18 Cal.3d 889 at p. 893) The trial court issued a certificate of probable cause purporting to preserve for appellate review the denial of the defendants' motions to suppress. (*Ibid*.) The Supreme Court held that review of the issue was waived by the defendants' guilty pleas, and could not be restored by a certificate of probable cause because the issue did not implicate " 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*Id.* at pp. 895-896.)

The high court explained, "[n]otwithstanding the question of the legality of their arrests and the consequences which flowed therefrom, each defendant's guilty plea operated to remove such issues from consideration as a plea of guilty admits all matters essential to the conviction." (*Id.* at p. 895.)

6

The court reasoned that "[g]iven the accused's guilty plea, an extrajudicial statement relating to his guilt of a charged crime does not, by reason of a claim that it was involuntarily or improperly induced, raise an issue on appeal based on 'constitutional, jurisdictional or other grounds going to the legality of the proceedings' resulting in the plea." (*De Vaughn* at p. 896, fn. omitted.) Furthermore, "the trial court could not bargain to preserve such issues on appeal by issuance of certificates of probable cause." (*Id.* at p. 893.) Because the "guilty pleas were improperly induced," the court reversed the defendants' judgments. (*Ibid.*)

Here, as in *De Vaughn,* appellant's challenge to the trial court's ruling on his *Miranda* motion is foreclosed by his no contest plea and cannot be revived by a certificate of probable cause. "[Appellant's] [no contest] plea waived any claim regarding the admissibility of evidence, including claims of *Miranda* violations." (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 408.) That is because "[t]he voluntariness of a confession goes to the question of guilt and thus is removed from consideration by the guilty plea. [Citation.] With a defendant's change of plea and acknowledgement of guilt, whether a confession is evidential becomes superfluous and, in essence, cumulative." (*In re John B.* (1989) 215 Cal.App.3d 477, 484.) By entering a no contest plea, appellant "concede[d] that the prosecution possesse[d] legally admissible evidence sufficient to prove [his] guilt beyond a reasonable doubt"; therefore, he has no right to raise a claim regarding the admissibility of the evidence, even if that claim "is founded on constitutional violations." (*People v. Turner* (1985) 171 Cal.App.3d 116, 125.)

The record clearly discloses that appellant's plea bargain was premised on the preservation of his right to challenge on appeal the adverse *Miranda* ruling. He indicated on his waiver of rights form that he was waiving

7

appellate rights except as to his *Miranda* claim and a claim of ineffective assistance of counsel.  At the change-of-plea hearing, the trial court informed him that, pursuant to the plea agreement, his attorney was "reserving the right . . . to appeal the decision on the *Miranda* Fifth Amendment issue."  The court's minute order reflects that term of the agreement.  At the sentencing hearing, the court stated that it would "follow the plea agreement," and appellant could "deal with [the *Miranda* issue] in whatever way he sees fit, in terms of his appeal."  Thereafter, the court granted appellant a certificate of probable cause on the basis of his *Miranda* claim.  Thus, it is clear that appellant's plea was induced by an unenforceable promise that the *Miranda* issue would be preserved for appeal.

Because appellant's plea was induced by the trial court's inadvertent misrepresentation, the judgment must be reversed and the matter remanded to allow appellant an opportunity to withdraw his plea.  "[S]ince appellant cannot be given the benefit of his plea bargain, which entailed the ability to raise on appeal the [*Miranda*] claim, he must be permitted to withdraw his guilty plea."  (*People v. Burns* (1993) 20 Cal.App.4th 1266, 1274; see also *Hollins, supra,* 15 Cal.App.4th 567 at p. 575 [defendant " 'should be given an opportunity to reevaluate his guilty plea and withdraw that plea and proceed to trial if he so desires. [*Citations.*]' "].)  The judgment must be reversed and the matter remanded to the trial court to permit appellant that opportunity.[2]

---

[2] We decline appellant's invitation to rule on the merits of his *Miranda* claim.  (See *Geitner, supra,*139 Cal.App.3d at p. 255 ["In cases in which an erroneous representation regarding reviewability has induced a guilty plea, appellate courts generally have not allowed the misrepresentation to transform that issue into one cognizable on appeal."].)

8

## III.  DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with instruction that appellant be given an opportunity to withdraw his no-contest plea.  If appellant withdraws his plea, the trial court shall undertake such further proceedings as may be necessary.  If appellant declines to withdraw his no-contest plea, the trial court is to reinstate the judgment.

_____

SANCHEZ, J.

We concur.

_____

HUMES, P.J.

_____

BANKE, J.

(A158469)

10