Filed 1/25/23  P. v. Franklin CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN SCOTT FRANKLIN,<br><br>    Defendant and Appellant. | C096191<br><br>(Super. Ct. No.<br>CRF09-0000373)<br><br>ORDER GRANTING MOTION TO WAIVE ALL APPELLATE CLAIMS, REMAND MATTER TO THE TRIAL COURT, AND IMMEDIATELY ISSUE THE REMITTITUR |

THE COURT:

The parties' motion to:  (1) waive all appellate claims; (2) remand the matter to the trial court for a compassionate release hearing conducted pursuant to the Penal Code section 1172.2;[1] and (3) immediately issue the remittitur is granted.

---

[1]    Undesignated statutory references are to the Penal Code.

In light of Assembly Bill No. 960 (2021-2022 Reg. Sess.), which amended the framework for compassionate release effective January 1, 2023 (Stats. 2022, ch. 744, § 3), and added Penal Code section 1172.2, providing, in relevant part: "(a) Notwithstanding any other law and consistent with paragraph (1) of subdivision (a) of Section 1170, if the statewide chief medical executive, in consultation with other clinical executives, as needed, determines that an incarcerated person satisfies the medical criteria set forth in subdivision (b), the department shall recommend to the court that the incarcerated person's sentence be recalled. [¶] (b) There shall be a presumption favoring recall and resentencing under this section if the court finds that the facts described in paragraph (1) or (2) exist, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18, based on the incarcerated person's current physical and mental condition. [¶] (1) The incarcerated person has a serious and advanced illness with an end-of-life trajectory. Examples include, but are not limited to, metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced end-stage dementia." Under section 1172.2, subdivision (k), defendant is also entitled to the appointment of counsel. It is undisputed that defendant Jonathan Scott Franklin has a serious and advanced illness with an end-of-life trajectory. We accept the Attorney General's proper concession that considerations of judicial efficiency counsel in favor of applying the new statutory framework to this case.

This court may reverse or modify a judgment pursuant to stipulation in accordance with the requirements of Code of Civil Procedure section 128, subdivision (a)(8). That section requires us to make specific findings: (1) "[t]here is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal"; and (2) "[t]he reasons . . . for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (*Ibid*.) Our authority to reverse

2

or modify a judgment pursuant to stipulation applies equally in civil and criminal cases. (*People v. Browning* (1978) 79 Cal.App.3d 320, 323, citing *Landberg v. Landberg* (1972) 24 Cal.App.3d 742, 746.)

We find that the requirements of Code of Civil Procedure section 128, subdivision (a)(8) are satisfied here. The parties' stipulation supports the conclusion that there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by remanding the case for a further hearing on whether defendant's sentence should be recalled and he be resentenced. Further, the public trust will not be eroded by this disposition. Our granting of the waiver of all of defendant's claims on appeal and remanding this case for a further compassionate release hearing is based on the new and dispositive change in law effective January 1, 2023, requiring the trial court to appoint counsel for this terminally ill defendant, and conduct a hearing with the presumption in favor of recall and resentencing under this section unless the trial court finds defendant poses an unreasonable risk of danger to public safety. In remanding this case, we express no opinion as to what the trial court's ultimate resolution of this matter should be.

Pursuant to section 1260, good cause having been shown by stipulation of the parties, the trial court's order is reversed, and the matter is remanded to the trial court for

reconsideration under section 1172.2.  The clerk of this court is directed to immediately issue the remittitur upon filing of the opinion.  (See Cal. Rules of Court, rule 8.272(c)(1).)


BY THE COURT:


     DUARTE     , Acting P. J.


     KRAUSE     , J.


     McADAMS     , J.*

---

*     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.