Filed 1/26/23  P. v. Jimenez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RONALD JIMENEZ,<br><br>　　　　Defendant and Appellant. | C097134<br><br>(Super. Ct. No. STK-CR-FE-1985-0000130)<br><br>ORDER GRANTING MOTION FOR CALENDAR PREFERENCE, REMAND TO THE TRIAL COURT, AND IMMEDIATELY ISSUE THE REMITTITUR |

THE COURT:

The parties' motion to:  (1) grant calendar preference and expedite review; (2) remand the case to the trial court for reconsideration under current law; and (3) immediately issue the remittitur is granted.

Assembly Bill No. 960 (2021-2022 Reg. Sess.), which added Penal Code section 1172.2 to reorganize and amend the procedures as to compassionate release requests from

1

the Department of Corrections and Rehabilitation, became effective on January 1, 2023. (Stats. 2022, ch. 744, § 3; undesignated statutory references are to the Penal Code.) Such requests apply to, among others, defendants who have "serious and advanced illness with an end-of-life trajectory." (§ 1172.2, subd. (b)(1).) Among other things, section 1172.2, subdivision (b) creates a "presumption favoring recall and resentencing . . . which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." The parties agree that defendant Ronald Jimenez has a serious illness with an end-of-life trajectory. Based on the changes made by the legislation, and in the interests of judicial economy, the parties request a stipulated remand of the case so the trial court may reconsider its decision given the new statutory framework.

This court may reverse or modify a judgment pursuant to stipulation in accordance with the requirements set forth in Code of Civil Procedure section 128, subdivision (a)(8). That section requires us to make specific findings that: (1) there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal; and (2) the grounds for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement. (*Ibid.*) Our authority to reverse or modify a judgment pursuant to stipulation is similarly limited in civil and criminal cases. (*People v. Browning* (1978) 79 Cal.App.3d 320, 323, citing *Landberg v. Landberg* (1972) 24 Cal.App.3d 742, 746.)

We find that the requirements of Code of Civil Procedure section 128, subdivision (a)(8) are satisfied here. The parties' stipulation supports the conclusion that there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the modification of the judgment because the modification is based on a new change in the law that alters the standard that the trial court must apply to the compassionate release request, and any evaluation of the trial court's order or further requests by CDCR would need to be evaluated under those new procedures, in any case.

(See § 1172.2.)  Further, the grounds for requesting the modification of judgment outweigh the erosion of public trust that may result from the nullification of a judgment or the risk that a stipulated modification of the judgment in this case will reduce the incentive for pretrial settlement in future cases of this nature.  The changes in the required procedures were substantial; the time frame before the matter becomes moot is short; and modifying the judgment will result in a just and speedy determination of the cause pending before this court.  We express no opinion as to the ultimate resolution of the matter.

Pursuant to Penal Code section 1260, good cause being shown by stipulation of the parties, the trial court's order is reversed, and the matter is remanded to the trial court for reconsideration under section 1172.2.  The clerk of this court is directed to immediately issue the remittitur upon filing of the opinion.  (See Cal. Rules of Court, rule 8.272(c)(1).)

BY THE COURT:


_____
HULL, Acting P. J.



_____
RENNER, J.



_____
KRAUSE, J.

3